UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-02557-SSS-SHKx | Date | February 28, 2024 |
|---|---|---|---|
| Title | *Foremost Insurance Company Grand Rapids Michigan v. Allstate Insurance Company, et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. 14]**

Before the Court is Plaintiff Foremost Insurance Company Grand Rapids Michigan's ("Foremost") Motion to Remand (the "Motion"). [Dkt. 14]. This matter is fully briefed and ripe for review. [Dkt. 16; Dkt. 17]. In accordance with the opinion below, the Court **DENIES** Foremost's Motion. [Dkt. 14].

## I.   BACKGROUND

In the literary world, authors and readers alike are fascinated by the question of "who done it?" This Motion arises out of a possibly more interesting question, "who will insure it?"

Foremost is a Michigan Corporation that insured Margo and Jurek Kedzierski's (the "Kedzierskis") property in Big Bear Lake, California. [Dkt. 1-1 at 3]. At an unspecified date, the Kedzierskis entered a "property management agreement" with Destination Big Bear. *Id.* at 4. Destination Big Bear then placed the Kedzierskis' property on Airbnb's website to facilitate the renting of the Kedzierskis' property. *Id.* According to the Complaint, Defendant Allstate Insurance Company ("Allstate") provides a liability policy to Airbnb which in turn covers those who use Airbnb to rent their properties. [Dkt. 1-1 at 2]. Importantly,

Foremost claims its policy is "excess over other valid insurance except insurance written specifically to insure excess over the limits that apply to this policy." *Id*. at 3.

In August 2020, a third party, Armen Petrosyan, fell off a defective chair at the Kedzierskis' Big Bear Lake property. [Dkt. 16 at 3]. In August 2022, Petrosyan sued the Kadzierskis and Airbnb in San Bernardino County Superior Court for the injuries arising out of the fall (the "Big Bear Suit"). *Id*. at 4. Since November 8, 2022, Foremost, not Allstate, has been defending the Kazierskis in the Big Bear Suit. *Id*. Prior to Petrosyan suing, Allstate received a settlement demand of $1.75 million. *Id*. The settlement demand stated Petrosyan's medical expenses were $94,335 and that his life care plan would cost $500,000. *Id*.; [Dkt. 1-3 at 2].

On October 26, 2023, Foremost filed this action in San Bernardino Superior Court. [Dkt. 1-1]. Allstate removed this action on December 14, 2023. [Dkt. 1-1]. Foremost now asks the Court to remand this action. [Dkt. 14].

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, federal courts can only hear cases if "there is a valid basis for federal jurisdiction." *Ayala v. Am. Airlines, Inc.*, No. 2:23-cv-03571-MEMF-MAR, 2023 WL 6534199, at *1 (C.D. Cal. Oct. 6, 2023) (citing *Richardson v. U.S.*, 943 F.2d 1107, 1112 (9th Cir. 1991)).

When a plaintiff files their complaint in state court, a defendant may remove the case to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). If a plaintiff contests the removability of an action, the burden is on the removing party to show by a preponderance of the evidence that the requirements for removal were met. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). "Under 28 U.S.C. § 1332, a district court has original jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between 'citizens of different States.'" *Jimenez v. Gen. Motors*, LLC, No. 2:23-cv-06991 WLH (JPRx), 2023 WL 6795274, at *2 (C.D. Cal. Oct. 13, 2023).

If there is any doubt as to the right to removal, a court must remand the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

(stating "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance"); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing *Gaus*, 980 F.2d at 566)).

### III.   DISCUSSION

Foremost argues the Court must remand this action because the amount in controversy requirement of 28 U.S.C. § 1332 is not met. [Dkt. 14-3 at 5]. For the reasons set forth below, Foremost's argument fails, and the Court **DENIES** Foremost's Motion.[1] [Dkt. 14].

In cases involving the applicability of an insurer's liability coverage to a particular occurrence, one measure of "the amount in controversy is the value of the underlying potential tort action." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 10 F.3d 1471, 1473 (9th Cir. 1997) (citations omitted); *Fin. Indem. Comp. v. Brooks*, No. 2:15-cv-06318-CAS (AGRx), 2016 WL 626736, at *8 n. 4 (C.D. Cal. Feb. 16, 2016). In general, a defendant may only rely on a settlement demand to prove the amount in controversy if the demand "reflect[s] a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (collecting cases). Because Foremost challenged the removability of this action, Allstate bears the burden of proving the amount in controversy requirement by a preponderance of the evidence. *Dart Cherokee Basin*, 574 U.S. at 82.

Here, Allstate has met its burden in establishing the amount in controversy exceeds $75,000. In support of its Notice of Removal, Allstate attached the Declaration of June Cliff that states Petrosyan sent a settlement letter demanding, as part of a $1.75 million settlement, $94,335 in medical specials and $500,000 for Petrosyan's life plan.[2] [Dkt. 1-3 at 3]. Importantly, Foremost also seeks a

---

[1] Because Foremost does not challenge the diversity of citizenship requirement of 28 U.S.C. § 1332, the Court only addresses the amount in controversy requirement. [Dkt. 14-3 at 3].

[2] Foremost argues Allstate cannot rely on the settlement demand because Allstate fails to show how the settlement was calculated or that it is reasonable. [Dkt. 17 at 5]. However, unlike the cases Foremost relies on, the settlement letter
(continued . . . )

declaratory judgment finding Allstate has a "duty to indemnify the Kedzierskis" against the results of the Big Bear Suit. [Dkt. 1-1 at 6]. Thus, because Foremost's requested relief would render Allstate liable for the possible damages arising out of the Big Bear Suit, and the medical specials alone in the Big Bear Suit are sufficient to meet the amount in controversy requirement of 28 U.S.C. § 1332, the Court finds Allstate has established by a preponderance of the evidence the requirements for diversity jurisdiction. *Mesa Underwriters Specialty Ins. Comp. v. Hulett*, No. 2:21-cv-08284-MCS-KS, 2022 WL 17218505, at *2 (C.D. Cal. Oct. 26, 2022) (finding diversity jurisdiction exists based off the value of the "underlying action").[3]

## IV.  CONCLUSION

Because the Court finds Allstate met its burden in establishing the amount in controversy requirement of diversity jurisdiction, the Court **DENIES** Foremost's Motion. [Dkt. 14].

**IT IS SO ORDERED.**

---

here broke down a portion of settlement, the medical expenses, such that the Court finds the demand, at least in part, is not an "arbitrary settlement figure" or a "bold optimistic prediction." *Owens v. Westwood Coll., Inc.*, No. 13-cv-4334-CAS-(FFMx), 2013 WL 4083524, at *4 (C.D. Cal. Aug. 12, 2013); *Romsa v. Ikea U.S. W., Inc.*, No. 14-cv-05552 MMM (JEMx), 2014 WL 4273265, at *2 (C.D. Cal. Aug. 28, 2014) (finding defendant failed to establish the amount in controversy requirement while also crediting its claims of medical expenses). As such, Allstate may rely on the demand.

[3] While this is an admittedly odd procedural situation, calculating the amount in controversy in one suit via the damages that may be won in another, the Court finds it must do exactly that here for if Foremost's suit succeeds, Allstate would be on the hook for whatever damages could be levied against the Kadzierskis. *See e.g.*, *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019) (directing courts to consider the "maximum recovery the plaintiff could reasonably recover"); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018).